DEBORAH CONNOR, Acting Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY, Trial Attorney
JONATHAN BAUM, Trial Attorney
Criminal Division
United States Department of Justice
  1400 New York Avenue, N.W., 10th Floor
  Washington, D.C. 20530
  Telephone: (202) 514-1263
  Email: Woo.Lee@usdoj.gov

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
  312 North Spring Street, 14th Floor
  Los Angeles, California 90012
  Telephone: (213) 894-3391/(213) 894-4493
  Facsimile: (213) 894-7177
  Email: John.Kucera@usdoj.gov
          Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | NO. CV 17-4447 DSF (PLAx) |
|---|---|
| Plaintiff, | EX PARTE APPLICATION FOR ISSUANCE OF WARRANT FOR ARREST *IN REM* |
| v. | |
| CERTAIN RIGHTS AND INTERESTS IN THE ELECTRUM GROUP, | [Proposed Warrant for Arrest *In Rem* Lodged Concurrently Herewith] |
| Defendants. | |

1       Plaintiff United States of America ("the government") hereby applies for the

2   issuance of the proposed Arrest Warrant *In Rem* lodged contemporaneously

3   herewith.  The Arrest Warrant *In Rem* will allow the government to take the

4   defendant assets into custody so that they may be retained by the United States

5   Marshals Service during the pendency of this action.  This application is made

6   pursuant to Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime

7   Claims and Asset Forfeiture Actions ("Supplemental Rules"), Federal Rules of

8   Civil Procedure, and is supported by the attached memorandum of points and

9   authorities and the First Amended Verified Complaint in this action.

10   ///

11   ///

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Because the Court will not acquire jurisdiction over the defendant assets until they are arrested, the ex parte notice provisions of Rule 7-19.1 of the Local Rules of Practice for the Central District of California do not apply.

Dated: June 21, 2017

Respectfully submitted,

DEBORAH CONNOR
Acting Chief, MLARS

SANDRA R. BROWN
Acting United States Attorney


   /s/*John J. Kucera*
JOHN J. KUCERA
CHRISTEN A. SPROULE
Assistant United States Attorneys

WOO S. LEE
Deputy Chief, MLARS
KYLE R. FREENY
Trial Attorney, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Contemporaneously with the filing of this application, plaintiff United States of America ("the government") has filed a first amended verified complaint in the civil forfeiture action against all right and interest in the Electrum Group, including (i) Global Holdings, L.P. ("Electrum Global"); (ii) TEG Global GP Ltd.; and (iii) TEG Services Holding Inc. ("Electrum Services") (collectively "Electrum"), owned, held or acquired, directly or indirectly, by JW Aurum (Cayman) Gp Ltd. ("JW Aurum"), including any right to collect and receive any profits and proceeds therefrom, and any interest derived from the proceeds invested in the Electrum Group by JW Aurum (the "Defendant Assets").  Generally, the government, when initiating a civil *in rem* judicial forfeiture action, has already taken the defendant property into its custody.  Where, as here, it has not, the government must ask the Court to issue a warrant for arrest *in rem* to allow the government to take the property into custody, where it will remain subject to the Court's jurisdiction during the pendency of the action.

## II.   THE ARREST WARRANT MUST BE ISSUED UPON A FINDING OF PROBABLE CAUSE.

Where the government commences a civil forfeiture action against a defendant asset that is already in government custody, the clerk of the court "must issue a warrant to arrest the property."  Supplemental Rule G(3)(b)(i).  The clerk's warrant for arrest *in rem* allows the government to retain custody of the defendant asset, and execution of the warrant perfects the court's *in rem* jurisdiction over the asset.  *Ventura Packers, Inc. v. F/V Kathleen*, 424 F.3d 852, 853 (9th Cir. 2005).

Where the government commences a civil forfeiture action against an asset that is not in government custody or subject to a judicial restraining order at the time of filing, "the Court – on finding probable cause – must issue a warrant to arrest the property."  Supplemental Rule G(3)(b)(ii).  The sole question is whether

the allegations of the verified complaint, taken as true, are sufficient to establish probable cause to believe that, based on the totality of the circumstances, and with a "common sense view to the realities of normal life," there is a "fair probability" that the defendant asset is subject to forfeiture on the grounds alleged.  *See United States v. Real Property at 874 Gartel Drive*, 79 F.3d 918, 922 (9th Cir. 1996) (the probable cause standard as applied to civil forfeiture seizures "is similar to that required to obtain a search warrant"); *United States v. Daccarett*, 6 F.3d 37, 50 (2nd Cir. 1993); *United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (test for probable cause is the same as applies in other arrests, searches and seizures).

The warrant is to be issued *ex parte*, as the giving of notice to potential claimants of the defendant asset occurs only after the warrant has been executed. This is so because the court does not obtain jurisdiction over the defendant asset until it is arrested.  *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679-680 (1974) (seizure of property for forfeiture is like the execution of a search warrant or the seizure of evidence in a criminal case, acts which must necessarily occur, in most cases, without prior notice to the owner); *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1183-84 (C.D. Cal 2005).  The perfection of the court's jurisdiction over the defendant asset and the giving of notice to potential claimants are separate concepts.  *Id.*  Upon issuance, the warrant is to be delivered to a person authorized to execute it, who may be "a marshal or any other United States officer or employee," and must be executed "as soon as practicable." Supplemental Rule G(3)(c)(i) and (ii).  Here, the warrant will be executed by either a Deputy U.S. Marshal or a Special Agent of the Federal Bureau of Investigation.

The original complaint, filed on June 15, 2017, was amended to correct a scrivener's error that had an unexpected substantive effect.   That error, which appeared in paragraphs 786 and 787 of the June 15, 2017, complaint, has been corrected, and paragraphs 786 and 787 of the First Amended Verified Complaint

reflect those corrections.  Attached hereto, pursuant to the Court's Memorandum denying the government's Ex Parte Application for Issuance of Warrant for Arrest *In Rem* (Doc # 12), is a "flow chart" intended to assist the Court in following the flow of funds related to the Defendant Assets ("Exhibit A").

///

///

6

**III.   CONCLUSION**

In the First Amended Verified Complaint, the government seeks forfeiture of the Defendant Assets pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), in connection with violations of 18 U.S.C. §§ 1343 (wire fraud), 1956 and 1957 (money laundering), 2314 (international transportation or receipt of stolen or fraudulently obtained property), 2315 (receipt of stolen money), and a conspiracy to commit such offenses.  The allegations of the First Amended Verified Complaint are sufficient to establish probable cause to believe that the Defendant Assets are subject to forfeiture.  The government respectfully requests that the Court issue the proposed Warrant for Arrest *In Rem*, so that the government may seize the Defendant Assets and commence providing notice.

Dated: June 21, 2017

Respectfully submitted,

DEBORAH CONNOR
Acting Chief, MLARS

SANDRA R. BROWN
Acting United States Attorney


    /s/*John J. Kucera*
JOHN J. KUCERA
CHRISTEN A. SPROULE
Assistant United States Attorneys

WOO S. LEE
Deputy Chief, MLARS
KYLE R. FREENY
Trial Attorney, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA